UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| New American Funding, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Travis Lang,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT** |

Plaintiff New American Funding, LLC ("New American"), by and for its Complaint against Travis Lang ("Lang") states and alleges as follows:

### PARTIES JURISDICTION AND VENUE

1. New American is an entity organized under the laws of the State of Delaware, with its principal place of business located in Santa Ana, California.

2. Upon information and belief, Lang is an individual residing in Mandan, North Dakota, and is a citizen of the State of North Dakota.

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Lang resides in North Dakota and/or a substantial part of the events or omissions giving rise to the claims occurred in North Dakota, including Lang's breach and failure to pay amounts due under the promissory note.

5. Personal jurisdiction over Lang exists because Lang resides in, works in, and/or conducted business in North Dakota and purposefully availed himself of this forum, and the claims arise out of or relate to those contacts.

**FACTUAL ALLEGATIONS**

6. On or about April 14, 2025, New American provided Lang with a Second Amended Offer of Employment setting forth the terms and conditions for Lang's employment with New American (the "Offer"). A true and correct copy of the Offer is attached hereto as Exhibit A, and the same incorporated herein by reference.

7. The offer provides that Lang would receive a $500,000 signing bonus, subject to repayment if he resigned, otherwise terminated or abandoned his employment, or was terminated for Cause within forty-eight (48) months of the commencement of his employment with New American , and that any residual amount owed could, at New American's sole discretion, be withheld from final wages, commissions, earned vacation or other compensation owed (subject to applicable law).

8. The Offer defines "Cause" to include a termination due to (a) violation of New American's policies and procedures or (b) breach of Defendant's agreement.

9. On or about April 25, 2025, Defendant executed a written Promissory Note (the "Note") in favor of New American in the principal amount of $500,000, with an interest rate of 0% per annum until default, in connection with Defendant's employment with New American. A true and correct copy of the Note is attached hereto as Exhibit B, and the same incorporated herein by reference

10. The Note provides a "Retention Period" of four (4) years commencing on the date of the Note and forgiveness of the principal if Lang maintained continuous employment with New American for the duration of the Retention Period.

11. The Note further provides that if Lang resigns, otherwise terminates or abandons employment, or is terminated for cause before the expiration of the Retention Period, Lang must repay the Principal Amount and any applicable interest within thirty (30) days of such termination.

12. The Note contains a default provision stating that failure to pay the applicable Principal Amount when due constitutes a default, and following default the Principal Amount accrues interest at 9% per annum (or the maximum lawful rate) from the date of default.

13. The Note contains an acceleration clause authorizing New American, upon default, to declare all amounts immediately due and payable and to offset and deduct the amounts due from any sums otherwise payable to Defendant, including commissions, bonuses, reimbursements, and final wages, to the maximum extent permitted by law.

14. The Note provides that it is governed by the laws of the State of California.

15. New American terminated Lang's employment prior to the expiration of the Retention Period—effective September 29, 2025.

16. New American's termination of Lang's employment was for cause, due to violation of New American's policies and procedures.

17. Despite demand from New American, Lang has failed to repay the amounts due under the Note within thirty (30) days of his termination, resulting in default under the Note.

18. As a result of Defendant's default, interest on the Principal Amount accrues at 9% per annum from the date of default, or the maximum rate permitted by applicable law, pursuant to the Note.

## COUNT I
### BREACH OF CONTRACT (PROMISSORY NOTE)

19. New American realleges Paragraphs 1 through 18 as if set forth fully herein.

20. The Note is a valid, enforceable contract supported by adequate consideration.

21. New American performed or stood ready to perform its obligations under the Note.

22. Lang breached the Note by failing to repay the Principal Amount within thirty (30) days following his termination for cause.

23. Defendant's failure to pay constitutes a default under the Note, triggering acceleration and the contractual default interest rate of 9% per annum from the date of default (or the maximum lawful rate).

24. As a direct and proximate result of Defendant's breach, New American has been damaged in an amount to be proven at trial, including but not limited to the unpaid principal balance of $500,000, contractual default interest, and costs of collection including reasonable attorney's fees as provided by the Note.

## COUNT II
### MONEY HAD AND RECEIVED

25. New American realleges Paragraphs 1 through 24 as if set forth fully herein.

26. New American paid or advanced to Lang the sum of $500,000 for Lang's benefit subject to the conditions and repayment obligations set forth in the Note and Offer.

27. Under the circumstances, Lang is indebted to New American in the sum of money had and received, which in equity and good conscience Lang should repay to New American.

### COUNT III
### UNJUST ENRICHMENT

28. New American realleges Paragraphs 1 through 27 as if set forth fully herein.

29. New American conferred a benefit of $500,000 upon Lang, which was unearned and subject to repayment unless the Retention Period conditions were satisfied.

30. Lang's retention of this benefit without repayment following termination prior to completion of the Retention Period would be unjust; New American is entitled to restitution in an amount to be proven at trial.

WHEREFORE, New American requests judgment against Lang as follows:

a. For damages for breach of the Note in the principal amount of $500,000, plus contractual default interest at 9% per annum from the date of default, or, if such rate may not be collected under applicable law, then at the maximum lawful rate, as provided in the Note;

b. For attorney's fees and costs of collection as provided in the Note;

c. For restitution and/or damages on the alternative claims in an amount to be proven at trial;

d. For prejudgment and post-judgment interest as allowed by law and contract;

e. For such other and further relief as the Court deems just and proper.

Dated this 16th day of December, 2025

**VOGEL LAW FIRM**

*Drew J. Hushka*
BY: Drew J. Hushka (#08230)
MacKenzie L. Hertz (#09392)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:   dhushka@vogellaw.com
         mhertz@vogellaw.com
ATTORNEYS FOR PLAINTIFF

**THOMPSON COBURN LLP**

*/s/ Conor P. Neusel*
BY: John S. Kingston (pro hac vice forthcoming)
Conor P. Neusel (pro hac vice forthcoming)
One US Bank Plaza
St. Louis, MO 63101
314.552.6464
314.552.6089
Email:   jkingston@thompsoncoburn.com
         cneusel@thompsoncoburn.com
ATTORNEYS FOR PLAINTIFF